IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ADVANTAGE MEDIA GROUP,           )
d/b/a LEGACY PUBLISHING COMPANY, )
                                 )
                Plaintiff,       )
       v.                        )    1:10CV95
                                 )
BARBARA DEBNAM,                  )
                                 )
                Defendant.       )

MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion for Default Judgment [Doc. #16]. Plaintiff Advantage Media Group, d/b/a Legacy Publishing Company ("Plaintiff"), filed its Complaint against Defendant Barbara Debnam ("Defendant") on February 3, 2010, bringing a claim for copyright infringement pursuant to 17 U.S.C. § 101 et seq. An Entry of Default [Doc. #10] was entered in this case on March 18, 2010 based on Defendant's failure to file an answer or otherwise defend. On April 1, 2010, following the Entry of Default, Plaintiff filed a Motion for Default Judgment and Discovery on Damages [Doc. #11] to which Defendant failed to file a response. In its July 19, 2010 Order [Doc. #12], the Court declined to enter a default judgment at that time, and instead allowed the case to proceed to discovery on damages, noting that although "the factual allegations in the Complaint are admitted" following the Entry of Default, "the amount of damages has not been determined." At the conclusion of the discovery period in this case, Plaintiff filed its present Motion, again asking the Court to enter a default judgment against Defendant and award Plaintiff statutory damages and costs, including attorneys' fees, pursuant to 17 U.S.C. §§ 504, 505. In addition, Plaintiff seeks injunctive relief pursuant to 17 U.S.C. § 502. Defendant failed to file any response to Plaintiff's present Motion.

I. BACKGROUND

Plaintiff's Complaint alleges that Defendant willfully infringed Plaintiff's copyright in "The Total Transformation Program", a "multi-media program designed to help parents manage challenging behaviors in children and teenagers." (Compl. ¶ 9, Doc. #1). Specifically, the Complaint alleges that Defendant offered unauthorized copies of The Total Transformation Program for sale on the website Craigslist. In addition, the Complaint alleges that Plaintiff and Defendant exchanged e-mail communications on June 1, 2009, wherein Plaintiff informed Defendant that her conduct infringed on Plaintiff's copyright, and Defendant responded that she would cease her attempts to sell Plaintiff's product. However, the Complaint further alleges that Defendant continued to sell or offer to sell infringing copies of Plaintiff's copyrighted product on or after June 1, 2009. Based on Defendant's conduct, the Complaint seeks injunctive relief, statutory damages of $150,000.00, and costs, including attorneys' fees.

II. DISCUSSION

Pursuant to Federal Rule of Civil Procedure 55(b)(2), a plaintiff must apply to the court for a default judgment where the claim is not for a sum certain. Fed. R. Civ. P. 55(b)(2). Thereafter, the entry of a default judgment is not a matter of right, but rather is within the sound discretion of the court. See EMI April Music, Inc. v. White, 618 F. Supp. 2d 497, 505 (E.D. Va. 2009). In this case, Defendant was properly served with the Complaint and Summons and with each of Plaintiff's Motions for Default Judgment. However, Defendant failed to respond in any way. Given Defendant's unresponsiveness in light of the several opportunities to defend this action, the Court finds in its discretion that a default judgment is appropriate in this case. See

S.E.C. v. Lawbaugh, 359 F. Supp. 2d 418, 421-22 (D. Md. 2005) (finding default judgment appropriate "when the adversary process has been halted because of an essentially unresponsive party").

   A.   Injunctive Relief

As part of the relief sought in this action, Plaintiff asks the Court to permanently enjoin Defendant from copying, distributing, and/or offering for sale Plaintiff's copyrighted program. Under 17 U.S.C. § 502(a), a court may grant a permanent injunction to prevent or restrain copyright infringement. Injunctive relief is appropriate where a plaintiff lacks an adequate remedy at law, and a permanent injunction is appropriate where infringement has been proven and a threat of continuing infringement exists. EMI April Music Inc. v. Rodriguez, 691 F. Supp. 2d 632, 635 (M.D.N.C. 2010). However, a permanent injunction is not automatic, and courts must undertake an analysis of the four-factor test set forth in eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 126 S. Ct. 1837, 164 L. Ed. 2d 641 (2006). Pursuant to eBay, a plaintiff seeking a permanent injunction must demonstrate: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." eBay, 547 U.S. at 391, 126 S. Ct. at 1839.

   In this case, Plaintiff has alleged that the Defendant's actions have irreparably harmed Plaintiff's existing goodwill and relationships with present customers and have deprived Plaintiff of the opportunity to expand its goodwill in the future. Based on the facts set forth in the

Complaint, which have been deemed to be admitted in this case, Defendant sold and/or offered to sell unauthorized copies of The Total Transformation Program to multiple buyers on Craigslist. Furthermore, Defendant continued to sell and/or offer to sell copies of The Total Transformation Program without permission after Plaintiff informed Defendant that such conduct infringed on Plaintiff's copyright and after Defendant responded in writing that she would cease and desist the infringing conduct. In addition, Defendant failed to appear in or defend this action in any way, which "demonstrates [her] refusal to acknowledge [her] legal obligations, makes the threat of continued infringement likely, and underscores the ineffectiveness of a remedy at law." EMI April Music Inc., 691 F. Supp. 2d at 635.

Therefore, the Court finds that Defendant has willfully and intentionally infringed Plaintiff's copyright in The Total Transformation Program. In addition, the Court finds that Plaintiff has suffered irreparable harm, and monetary damages would not provide a complete remedy for Plaintiff in this case. Furthermore, the Court finds that the balance of hardships tips in Plaintiff's favor, in that enjoining the illegal copying and distribution of Plaintiff's program will place no hardship on Defendant in this case. Finally, the Court finds that the public would be served by enjoining future violations of Plaintiff's intellectual property rights. As such, the Court will grant Plaintiff's Motion to the extent it seeks injunctive relief. Specifically, Defendant shall be permanently enjoined from copying, distributing, offering for sale, or otherwise infringing Plaintiff's copyright in The Total Transformation Program.

B. Statutory Damages

In addition to injunctive relief, Plaintiff seeks monetary damages in this case. At any time

prior to final judgment, a copyright owner may elect to recover an award of statutory damages, in lieu of actual damages and profits, in a sum of not less than $750.00 or more than $30,000.00, as the court considers just. 17 U.S.C. § 504(c)(1). In a case of willful infringement, the court in its discretion may increase a statutory damages award to a sum of no more than $150,000.00. 17 U.S.C. § 504(c)(2). Within the limits provided by § 504(c), determining the amount of statutory damages lies within the sound discretion of the court. F.W. Woolworth Co. v. Contemporary Arts, Inc., 344 U.S. 228, 231-32, 73 S. Ct. 222, 224-25, 97 L. Ed. 276 (1952). In determining the statutory damages award, courts may consider a number of factors including "'the expenses saved and profits reaped by the defendants in connection with the infringements, the revenues lost by the plaintiffs as a result of the defendants' conduct, and the infringers' state of mind whether willful, knowing or merely innocent.'" EMI April Music Inc., 691 F. Supp. 2d at 636 (quoting Boz Scaggs Music v. KND Corp., 491 F. Supp. 908, 914 (D. Conn. 1980)). An award of statutory damages serves to both compensate the copyright owner and deter future infringing conduct. F.W. Woolworth Co., 344 U.S. at 233, 73 S. Ct. at 225 ("[A] rule of liability which merely takes away the profits from an infringement would offer little discouragement to infringers. It would fall short of an effective sanction for enforcement of the copyright policy. The statutory rule . . . not merely compels restitution of profit and reparation for injury but also is designed to discourage wrongful conduct."). As such, particularly in the case of a willful and knowing infringement, courts often award more than the minimum statutory damages permitted. EMI April Music Inc., 691 F. Supp. 2d at 636.

In this case, Plaintiff seeks statutory damages in the amount of $150,000.00, the

maximum statutory award permitted for a willful infringement. Plaintiff has established that Defendant knowingly and willfully infringed Plaintiff's copyright in this case. Defendant received an e-mail on June 1, 2009, informing her that selling or attempting to sell copies of The Total Transformation Program without permission infringed on Plaintiff's copyright. Furthermore, Defendant provided a written response on June 1, 2009, wherein she agreed to cease selling or attempting to sell copies of The Total Transformation Program. Moreover, Plaintiff has established that Defendant continued to sell or attempt to sell the copyrighted program without permission on or after June 1, 2009.

Based on the limited responses to interrogatories made by Defendant during the discovery period, Defendant sold approximately thirty (30) infringing copies of The Total Transformation Program for approximately $75.00 per copy. Considering all relevant factors, the Court in its discretion finds that an award of statutory damages in the amount of $10,000.00 is appropriate in this case. Such an award represents more than four times the amount Defendant received during the course of her infringing conduct, and the Court concludes that such an award would serve the statutory objectives of adequately compensating Plaintiff, sanctioning Defendant's past infringing conduct, and deterring infringing conduct in the future. Therefore, the Court will grant Plaintiff's Motion to the extent it seeks statutory damages, and Plaintiff shall have and recover from Defendant statutory damages in the amount of $10,000.00.

C.  <u>Attorneys' Fees</u>

Plaintiff also seeks costs, including attorneys' fees, in addition to injunctive relief and statutory damages. Under 17 U.S.C. § 505, the Court may in its discretion award costs, including

reasonable attorneys' fees, in a copyright infringement action. In exercising its discretion regarding whether to award attorneys' fees, courts must consider (1) the motivation of the parties, (2) the objective reasonableness of the legal and factual positions advanced, (3) the need in particular circumstances to advance considerations of compensation and deterrence, and (4) any other relevant factor presented. Rosciszewski v. Arete Assocs., Inc., 1 F.3d 225, 234 (4th Cir.1993).

In this case, Plaintiff was motivated to protect its rights in a properly registered copyright and set forth an objectively reasonable legal and factual position regarding the infringement in this case, particularly in light of Defendant's failure to respond to Plaintiff's pleadings. Furthermore, Defendant continued to sell Plaintiff's copyrighted product after Plaintiff informed Defendant of the infringing nature of her conduct and after Defendant agreed to cease and desist, thereby exhibiting a particular need for deterrence in this case. Therefore, taking all relevant factors into consideration, the Court in its discretion finds that an award of attorneys' fees is appropriate.

Although the Court finds it appropriate to award attorneys' fees in this case, the Court must first determine what amount would be reasonable, as required under the copyright statute. See 17 U.S.C. § 505. In determining what award of attorneys' fees would be reasonable in this case, the Court must consider and make findings with respect to the following factors: "(1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations

at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained: (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) the attorneys' fees awards in similar cases." Barber v. Kimbrell's, Inc., 577 F.2d 216, 226 & n.28 (4th Cir. 1978); see also Rosciszewski, 1 F.3d at 234 n.8 (noting that, on remand, the district court "must make specific findings on each of the factors set forth in [Barber]").

In this case, Plaintiff has moved for costs and attorneys' fees in the amount of $31,326.25. However, Plaintiff has not presented sufficient information for the Court to determine whether such a request, particularly with respect to the attorneys' fees sought, is reasonable in light of the factors set forth in Barber. Therefore, the Court will not enter judgment with respect to costs and attorneys' fees at this time. See Music City Music v. Alfa Foods, Ltd., 616 F. Supp. 1001, 1004 (E.D. Va. 1985). As such, Plaintiff's request for costs and attorneys' fees is denied without prejudice to Plaintiff, within sixty (60) days of entry of the Default Judgment in this case, submitting a motion for costs and attorneys' fees which is supported by affidavits, time records, or other evidence setting forth the factual basis for an award, as required by Local Rule 54.2.

Based on the foregoing, IT IS THEREFORE ORDERED that Plaintiff's Motion for Default Judgment [Doc. #16] is GRANTED in part and DENIED in part, as set out herein. As a result, IT IS ORDERED that Defendant shall be permanently enjoined from copying, distributing, offering for sale, or otherwise infringing Plaintiff's copyright in The Total

Transformation Program. IT IS FURTHER ORDERED that Plaintiff shall have and recover from Defendant statutory damages in the amount of $10,000.00. A Default Judgment shall be entered contemporaneously herewith.

IT IS FINALLY ORDERED that Plaintiff's request for costs and attorneys' fees is DENIED WITHOUT PREJUDICE to Plaintiff, within sixty (60) days of entry of the Default Judgment in this case, submitting a motion for costs and attorneys' fees which is supported by affidavits, time records, or other evidence setting forth the factual basis for an award, as required by Local Rule 54.2.

This the 10th day of June, 2011.

_____
United States District Judge